UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DOUG EDWARDS,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　*Plaintiff*,　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　　No.:　3:14-cv-31-PLR-HBG
　　　　　　　　　　　　　　　　)
UNION COUNTY JAIL,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　*Defendant*.　　　　　　　)

## **MEMORANDUM**

　　　This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. Plaintiff is an inmate in the Union County Jail. His original complaint concerned the alleged denial of medication and medical treatment. As a defendant, plaintiff named only the Union County Jail. The Court noted that the Union County Jail is not a suable entity within the meaning of 42 U.S.C. § 1983 and it was dismissed from this action. The Court further noted that, although plaintiff did not name additional defendants in either the caption of his complaint or in the section of the form complaint for naming defendants, he did refer in the body of the complaint to unnamed jail officials who he alleged took certain actions against him. For that reason, plaintiff was given the opportunity to amend his complaint to state exactly how his constitutional rights were violated and the specific defendant or defendants who violated his constitutional rights. Plaintiff was advised that failure to amend his complaint would result in the complaint being dismissed for failure to state a claim and for failure to prosecute and to follow the orders of this Court.

In response to the Court's order, plaintiff has sent the Court a list of the medications he claims he is supposed to take, along with copies of grievances he filed as well as the response to a complaint he filed with the Consumer Assistance Program of the Tennessee Board of Professional Responsibility. He does not, however, identify specific individual defendants or state what part any individuals have played in the denial of his constitutional rights. Accordingly, the complaint as amended fails to state a claim for relief under § 1983.

Although this Court is mindful that a pro se complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ Pamela L. Reeves
UNITED STATES DISTRICT JUDGE